IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RONALD SATISH EMRIT**                                                                 **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO.: 3:23-cv-100-NBB-JMV**

**KARA PRATT, ET AL.**                                               **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the court sua sponte for consideration of dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure of the complaint [1] to state a non-frivolous claim over which this court has jurisdiction. For the reasons discussed below, the undersigned reports and recommends the dismissal of this action.

Plaintiff has moved [2] to proceed *in forma pauperis* ("IFP") in this matter under 28 U.S.C. § 1915. Even assuming that Plaintiff meets the financial prerequisites to proceed IFP, he must also establish that he has raised a non-frivolous issue. *See Flores v. U.S. Atty. Gen.,* No.SA–11–CA–199–XR, 2011 WL 1486593, at *3, n. 1 (W.D. Tex. Mar. 16, 2011). Pursuant to 28 U.S.C. § 1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted...." 28 U.S.C. § 1915(e)(2)(B).

"A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth,* 55 F.3d 160, 162 (5th Cir.1995). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory [.]" *Perry v. Tex. Dep't of Criminal Justice,* 275 F. App'x 277, 278 (5th Cir.2008) (quoting *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir.1999)).

"A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they 'rise to the level of the irrational or the wholly incredible.'" *Perry,* 275 F. App'x at 278 (quoting *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)).

Plaintiff's Complaint [1], which purports to name as defendants, among others, the Texas Supreme Court and Texas Bar, as demonstrated by the excerpts from it below, contains entirely irrational and nonsensical allegations and simply does not include sufficient rational factual allegations to demonstrate a non-frivolous claim. *See Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir.1990) ("An IFP complaint that … postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915[e] [formerly (d)]"); *see also Morningstar v. HBO*, Civil Action NO. 3:22-cv-00145-MPM-JMV, 2022 WL 18539790 (N.D. Miss. July 22, 2022), *report and recommendation adopted*, No: 3:22CV145-MPM-JMV, 2023 WL 1423978 (N.D. Miss. Jan. 31, 2023) (dismissing case for failure to state non-frivolous claim).

**Plaintiff's Complaint**

For reference, relevant portions of the plaintiff's complaint are reproduced hereafter:

1.) The plaintiff is trying to buy a house in fee simple absolute perhaps in the Lakewood Ranch neighborhood of Sarasota or in Naples, Fort Myers, or Cape Coral in Southwest Florida.
2.) Furthermore, the plaintiff is trying to get married to either Maria Cherniavska of Kharkiv, Ukraine or Darya, Ignateva of Kyiv, Ukraine later on this year in 2023.
3.) To clarify, the plaintiff has been litigating against the Board of Immigration Appeals in 2022 and Secretary of State Antony Blinkin in 2023 to obtain a fiance visa for Maria Cherniavska based off of a "well-founded fear of persecution" citing the stare decisis of *Miller v. Albright*.

4.) As such, the plaintiff is trying to buy a house as a tenancy by the entirety or a tenancy in common with Maria Cherniavska or Darya Ignateva as opposed to a joint tenancy with the right of survivorship with the four unities of time, title, interest, and possession.
5.) MOreover, the plaintiff is trying to buy a house as a Bonafide Purchaser for Value (BFP) in a race, notice, or race notice jurisdiction in the state of Florida.
6.) As a logical extension, the plaintiff is trying to buy a house as a quitclaim deed or warranty deed with the covenant of sesisin, covenant against encumbrances, covenant of title, covenant of quiet enjoyment.
7.) In order to pay the property taxes on a house owned in fee simple absolute in Lakewood Ranch, the plaintiff has been litigating against the UNiversity of Miami School of Law to obtain a job as a disabled professor of entertainment law citing the black-letter law legislation of the Americans with Disabilities Act of 1990 (ADA) in addition to the administrative remedies involving the Equal Employment Opportunity Commission (EEOC) regarding a right-to-sue-letter.
8.) If the plaintiff is not able to buy a house in fee simple absolute, then the plaintiff has been litigating against the Prince George's County Housing

Authority, Hagerstown Housing Authority, Calvert County Housing Authority, and Queen Anne's County HOusing Authority all of which have been appealed to the Fourth CIrcuit Court of Appeals in RIchmond, Virginia.

9.) If the plaintiff can not be a house in fee simple estate, as a life estate, or a life estate pur autre vie, then the plaintiff would like to be a house as a fee simple determinable (involving the possibility of reverter), as a fee simple to executory limitation (involving the common law Rule Against Perpetuities, the 21-year wait-and-see rule, shifting, and spring executory interests), or as a fee simple subject to condition subsequent (involving vested remainders).

10.) If the plaintiff is unable to get a job as a disabled professor of entertainment law and the plaintiff is unable to obtain a Section 8 Housing VOucher (HCV) Based off of disability, then the plaintiff is trying to pay the mortgage on a house with performance and mechanical royalties earned from ASCAP as his Performing Right Organization (PRO) which would require the plaintiff engage in a significant campaign of marketing and promotion for his music from the oast and the future.

11.) At the same time that the plaintiff is trying to get married to Maria Cherniavska or Darya Ignateva, the plaintiff is trying to obtain an annulment in the federal court system citing **_Loving v. Virginia_** such that his future marriage to Maria Cherniavska or Darya Ignateva is the only legally-recognized marriage regarding his life story.

12.) The plaintiff is seeking the equitable remedy of an injunction requiring that the defendants recognize that the plaintiff met Sheila Darlene Buckaloo of Blum, Texas only once at Arlington Memorial Hospital in Arlington, Texas (Texas Health Resources).

13.) Accordingly, the plaintiff wrote a four-page letter of character evidence which mentioned Sheila Darlene Buckaloo of Blum, Texas and this

four-page letter is part of an amended complaint uploaded in PACER in Gainesville, Florida presided over by Magistrate Judge Gary Jones.

> 31.) The plaintiff learned from Sheila Darlene Buckaloo on Facebook that attorney Kara Pratt was showing pictures of the plaintiff in a courtroom in Hill County, Texas although this is hearsay as an "out-of-court statement asserted for the truth of the matter."
>
> 32.) The plaintiff filed a formal complaint in the office of Texas Bar Chief Disciplinary Counsel in 2019 and filed an appeal with the Texas Board of Disciplinary Appeals (BODA) after learning that BODA declined to investigate this matter any further.

The jurisdictional allegations are equally non-sensical:

> 22.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Northern Georgia (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the five defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas.
>
> 23.) As an Article III court, the U.S. District Court for the District of Northern Georgia also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.
>
> 24.) Therefore, a federal question is presented by the implication of the

Respectfully, the undersigned recommends this case be dismissed on the basis of its obvious futility and frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Procedure for Filing Objections

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. **The pro se plaintiff is specifically warned that any such objections are required to be in writing and must be filed within twenty (20) days of the date of this order.** Failure to timely file written

objections to the proposed findings conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**SO RECOMMENDED**, this the 19th day of April, 2023.

*/s/* Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**